# EXHIBIT 1-A

**Excerpts from the**
*2023–2024 Rapides Parish School Board Policies*
*Handbook and Student Code of Conduct*

# Rapides Parish School Board Policies Handbook and Student Code of Conduct

*Child Welfare & Attendance*

**A**ccountability
**C**ompassion
**E**quity

**2023**                    **2024**

Rapides Parish School Board
619 Sixth Street
Alexandria, Louisiana 71301

Attendance
Bullying
Discipline
R.A.A.A.V.L.
R.A.P.P.S.
RTI
School Calendar
Student Rights and
Responsibilities
Substance Abuse
Transfers

Dr. Stephen Chapman, President of the School Board
Mr. Jeff Powell, Superintendent of Schools
Mr. Clyde Washington, Executive Assistant Superintendent of Administration
Mrs. Shannon Alford, Executive Assistant Superintendent of Curriculum and Instruction

# Section XII
# The Right to
# Express and Dress



# FREEDOM OF SPEECH

A.   <u>RIGHT</u>

Students have the right to express their opinions verbally or in writing and under reasonable restraints, to distribute written material on school grounds or in buildings as long as this expression in no way interferes with the orderly process of the school. Prior approval of the principal is required for the distribution of written materials.

B.   <u>RESPONSIBILITY</u>

Students should take care to express their opinions and ideas in a respectful manner so as not to offend or slander others. Freedom of expression does not extend to profane, vulgar, pornographic or racist material or communications advocating violence or criminal acts.

# DRESS AND APPEARANCE FOR ALL STUDENTS

A.   <u>RIGHT</u>

Students have a right to dress in comfortable fashions.

B.   <u>RESPONSIBILITY</u>

Students should take care to express their opinions and ideas in a respectful manner so as not to offend or slander others. Freedom of expression does not extend to profane, vulgar, pornographic or racist material or communications advocating violence or criminal acts.

C.   <u>RAPIDES PARISH SCHOOL BOARD DRESS CODE</u>

The school has the power to regulate student dress for school-sponsored extra-curricular activities, as well as that on the school campus.

Members of the dance line, boosters, and cheerleaders will be allowed to wear their uniforms on a game day at the discretion of the Principal.

Obscene, profane language or provocative pictures on clothing, backpacks, jewelry and accessories are prohibited.

Satanic, cult, or gang-related symbolism in any form is prohibited on school campuses.

Drug-related symbols in any form including advertisements or promotions of alcohol or tobacco are prohibited on school campuses.

Tattoos that are vulgar, obscene, gang-related or otherwise disruptive to the school environment are not permitted.

Student's hair must be groomed in such a manner that it will not draw undue attention. All natural, protective, cultural hairstyles shall be allowed to include but not limited to: afros, dreadlocks, twists, locs, braids, cornrow braids, Bantu knots, curls, and hair styled to protect hair texture or cultural significance.

The activity of hair braiding shall not be allowed during the school day.

No picks or combs are to be worn in the hair during school hours.

Extreme Mohawk hairstyles and hair carving/art are unacceptable. Feathers are not allowed to be worn in hair except for cultural purpose with approval from the principal.

Sunglasses are not to be worn in the school building. Shoes are to be worn at all times.

Except finger rings, no rings, studs, or pins are to be worn on the body. Earrings, however, for girls are permitted and studs for boys.

The waistline of pants, jeans and shorts are not to be worn below the top of the hipline.

Faces must be kept neat, both in the case of boys with facial hair or girls with excessive make-up. Facial hair must be kept neat and well groomed.

Students are prohibited from the following:
- Wearing tennis shoes with skates to school.
- Bringing electronic scooters to school.

**Out of dress day attire will be at the discretion of the principal.**

# STUDENT DRESS CODE

## <u>SCHOOL UNIFORM POLICY</u>

Students in Pre-K thru 12th Grade

### <u>BOYS</u>:
Navy or khaki pants or shorts (no cargo pants/no cargo shorts or sweatpants).

Solid white and solid black, knit shirts with collar or cotton/cotton blend button front shirts with long or short sleeves - school logo(s) are optional.

### <u>GIRLS</u>:
Navy or khaki pants, Capri pants, shorts, skirts, skorts or jumpers (no cargo pants/no cargo shorts or sweatpants). Leggings may be worn only under approved bottoms.

Solid white and solid black, knit shirts with collar or cotton/cotton blend button front shirts with long or short sleeves - school logo(s) are optional.

In each school, a committee shall choose no more than two (2) colored knit shirts with collars and spirit shirts. These shirts may have a school logo.

Shirts must be long enough to tuck in and remain tucked in at all times.

Only solid white, black, or grey undershirts or camisoles shall be worn under the school uniform shirt.

Jeans may be worn in any color only on approved jean days. Jeans are not part of the uniform.

Belts may be worn and must be buckled at all times. If worn, no part of the belt may be left hanging at any time and must be threaded through the loops.

Students may wear any jacket when weather dictates except for trench coats, dusters, knee length.

<u>Sweatshirts/Pullovers</u>
- Shall be solid white, solid black or a designated school color. These sweatshirts/pullovers may have school logo.
- Hoods are prohibited in the building.
- Sweatshirts/pullovers of any kind may not be worn in any way that creates a distraction.

Hats and hoods are prohibited in the building.

Uniform length: skirts, skorts, jumpers and shorts (boys and girls) must be no shorter than four inches above the knee as measured from the back crease of the knee.  The knee-length requirement has been waived for all students in grades Pre-K – 3.

Shoes must be worn at all times.  No rubber or foam swim footwear, flip-flops, beach or pool sandals, house shoes (slippers) or crocs will be allowed.

**There will be no mutilation including tearing, ripping or cutting of hems, cuffs, sleeves or body of the coordinates. NO OVER SIZING! The uniform must be in the correct size to avoid any sagging.**

The principal will have the authority to designate out of uniform days with or without pay.

Revised: February, 2001
Revised: January, 2002
Revised: July: 2006
Revised: June, 2007

Ref: Scott v. Board of Education, 304 N.Y.S. 2d 601 (1969); Darr v. Schmidt, 460 F.2d 609 (1972); La Rev. Stat. Ann. §17:416.7; Board minutes, 6-29-98, 11-23-98, 8-30-99, 12-3-99, 2-28-00, 3-27-00, 6-12-01, 8-7-01, 7-6-06, 6-5-07.

## PROCEDURES APPLICABLE TO VIOLATIONS OF DRESS AND APPEARANCE REGULATIONS

1) Upon being advised of a student not being in compliance with the dress or appearance policy, the school principal or designee should confer with the student in an office setting and advise the student of the nature of the dress or appearance infraction and obtain the student's response. A written record should be made of the conference and the student should be encouraged to remedy the violation voluntarily to eliminate the necessity of any disciplinary action. An attempt should be made to contact by telephone, the parent(s) or guardian(s) of students under age 18 in an attempt made to remedy the violation without the necessity of formal discipline.

2) From the time of the initial conference with the school administrator, the student should be removed from class or the student population until either the end of the school day or the correction of the dress or appearance violation on that day.

3) Should the student return to school the next school day in violation of the dress or appearance regulations, the school principal or designee should confer with the student to determine whether the violation is willful, persistent or deliberate. A written record of the conference and the determination of whether the violation is willful, deliberate or persistent should be made. A second attempt to contact the student's parent(s) or guardian(s) and advise the parent(s) or guardian(s) of the situation should be made and the administration should make a brief note of the response of the parent(s) or guardian(s). The student should again be removed from the classroom setting but remain in school until the end of the school day or a remediation of the violation, whichever occurs first.

4) If the principal or designee, upon conferring with the student or parent, determines that the violation is deliberate or persistent and is unlikely to be resolved without the imposition of formal discipline, the school administrator shall initiate and follow the formal due process provisions for suspension and/or, in an extreme case, expulsion of the student presently found in *Section IV* of the *Rapides Parish School Board Policies Handbook and Student Code of Conduct*. A student enrolled in grades pre-kindergarten through 5 shall not be given an out-of-school suspension or expulsion or suspended from riding the bus for a uniform or appearance violation unless a determination is first made by the principal that the uniform violation is tied to a willful disregard to school policies by the student. (This last sentence should be included only if SB54 of 2015 passes and becomes law.)

### STUDENT TRANSFERS FROM OUT OF THE PARISH

Students who move into Rapides parish from another parish or state will have five school days to be in compliance with the dress code.

# DISCRIMINATION

There shall be no discrimination in regard to race, sex, religion, handicap, or natural origin in the Rapides Parish School System.

**FILE: GAEAA**
**Cf: GAAA, GAE**
**Cf: JM,JGCE**

## SEXUAL HARASSMENT

The Rapides Parish School Board recognizes that sexual harassment can be a violation of state and federal law. The Board, therefore, shall not tolerate sexual harassment on the part of any employee towards another employee or a student within the workplace. Conduct in violation of this prohibition shall result in disciplinary measures, up to and including dismissal.

## DEFINITION

Harassment on the basis of sex is defined as any unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when:

1.  Submission to such conduct is made either explicitly or implicitly as a term or condition of any individual's employment/education.

2.  Submission to or rejection of such conduct by an individual is used as a basis for employment/education decisions affecting the individual.

3.  Such conduct has the purpose or effect of unreasonably interfering with an individual's work/education or creating an intimidating, hostile, or offensive working/educational environment. Incidents of sexual harassment may include verbal harassment such as derogatory comments, jokes, or slurs, or remarks or questions of a sexual nature; physical harassment such as unnecessary or offensive touching; and visual harassment such as derogatory or offensive posters, cards, cartoons, graffiti, drawings, looks, or gestures. Harassment does not only depend upon the perpetrator's intention, but also upon how the person who is the target perceives the behavior or is affected by it. Individuals who experience sexual harassment from coworkers or others should make it clear that such behavior is offensive to them.

4.  Additionally R.S. 17:81Q prohibits electronic communication by school employees with students except under limited circumstances as defined by board policies. Such prohibited communications constitute harassment or intimidation and may subject the employee to discipline, dismissal or criminal prosecution as determined by applicable policies and statutes.

## REPORTING PROCEDURES

In the event that an individual believes such instances require a remedy or that there is a basis for a complaint, the individual shall first discuss the issue with the individual's principal or immediate supervisor. Should no resolution occur to the satisfaction of the individual after five (5) days, a formal complaint may be filed. If the victim of the alleged sexual harassment is a minor student and if the alleged harassment falls within the definition of "abuse" as defined by the Board's policy on child abuse (Policy JGCE), then all school employees with knowledge are mandatory reporters and the allegations must be reported to child protection or law enforcement as provided by state law and the Board policy on child abuse.  Such reporting must be made in addition to any procedures under this sexual harassment policy. If the victim of the sexual harassment is a student and the accused perpetrator is another student or is an individual not employed by the School Board, the victim shall report the incident(s) to the school guidance counselor, assistant principal, or principal as soon as practicable. If, after investigation, the allegations are determined to be well founded, the offending student shall be subject to suspension or expulsion under the Board's normal student disciplinary policies.  Additionally, Board employees who become aware of such allegations should report them to child protection or to law enforcement agencies in accordance with the Board's mandatory reporting policies and state law if the offending conduct rises to the level of child abuse or neglect as therein defined. Failure of the victim to promptly report acts of sexual harassment shall not standing alone constitute a defense to discipline or dismissal and shall only be one factor in evaluating the validity of the allegations under this policy.

## STEP 1 EMPLOYEE

If any employee has concerns or a complaint about the nature of any conduct or physical contact by another employee of the school district, the individual should file a formal written complaint with the Personnel Department or with the Superintendent. The receiving office will be charged with investigating the complaint and attempt to remedy it to the mutual satisfaction of all parties involved within five (5) working days of the date of receipt of the complaint. The investigating office shall indicate its disposition of the complaint in writing and shall furnish copies to all concerned parties.

## STEP 1 STUDENT

If a student has concerns or a complaint about the nature of any conduct or physical contact by an employee of the Rapides Parish School Board, the student should contact either the school administrator or the school counselor. The school administrator will report the alleged incident to the Superintendent or his/her designee. The school administrator and the Superintendent or his/her designee will be charged with investigating the complaint and attempt to remedy it informally to the mutual satisfaction of all parties involved within five (5) working days of the date of receipt of the complaint. The investigating office shall indicate its disposition of the complaint in writing and shall furnish copies to all concerned parties. If the complaint constitutes a moral offense against a student as defined by Board policy, the procedures of that policy shall be invoked in lieu of any procedures under this sexual harassment policy.

## STEP 2 - (EMPLOYEE AND/OR STUDENT)

In the event any of the concerned parties are not satisfied with the disposition of the complaint at Step One (1) or if no disposition has been made, then the concerned party may appeal to the Sexual Harassment Panel. The Sexual Harassment Panel shall include a chairperson, three males and three females selected by the Superintendent.
The Sexual Harassment Panel has seven (7) working days to schedule a hearing. If harassment is found, the panel may exercise one of the following options:

1.  The panel may require an appropriate remedy which seeks to redress the wrong. Noncompliance with the remedy will result in disciplinary action.

2.  The panel may recommend to the Superintendent that documentation be placed in one's evaluation folder, short or long term suspension with or without pay, or dismissal. The Sexual Harassment Panel shall give written disposition of the complaint within five (5) days of such hearing and shall furnish copies to the appropriate parties and to the Superintendent.

## STEP 3 - (EMPLOYEE AND/OR STUDENT) Revised 10/2007

In the event the parties concerned are not satisfied with the disposition of Step Two (2) or if no disposition has been made within five (5) days of such meeting, the parties concerned may appeal to the Superintendent. The appeal shall be in writing and set forth the same information as in Step Two (2). The Superintendent within thirty (30) days shall meet with the appropriate parties. Disposition shall be made no later than five (5) days after the meeting. A copy of such disposition shall be furnished to the appropriate parties.

## STEP 4 - (EMPLOYEE AND/OR STUDENT)

In the event the parties concerned are not satisfied with the disposition of the appeal at Step Three (3), or if no disposition has been made in Step Three (3), the concerned parties may appeal to the Rapides Parish School Board. The appeal shall be in writing and shall request that the Superintendent place the concern on the agenda of the next regularly scheduled Board meeting. Such written request must include copies of all decisions previously rendered in connection with the complaint.

Any employee who becomes aware of any allegation of possible harassment shall report such allegations to the Superintendent or designee. All reports received shall be properly and adequately investigated. Appropriate disciplinary action shall be taken when violations of this policy have been determined. The Board shall prohibit retaliation against an employee or student for a complaint made or for participating in an investigation of alleged harassment, unless, after investigation, it is found that the accuser has made a willfully false accusation in which case the accusing employee or student shall be subject to discipline or dismissal under the Board's standard due process provisions.

Nothing contained in this policy and/or procedure shall restrict or diminish the authority of the Superintendent to suspend or terminate any employee in accordance with the policies of the Rapides Parish School Board, state law and applicable statutes.

Failure to meet any procedural deadline imposed herein shall not be cause for dismissal of proceedings absent the demonstration of material prejudice by the affected person.

## STUDENT HARASSMENT OR INTIMIDATION

It is the policy of the Rapides Parish School District to provide and maintain a learning environment that is free from harassment and/or intimidation because of a student's gender, race, color, national origin, ethnicity, or disability.

To this end, the school district prohibits any and all forms of harassment and for intimidation because of a student's gender, race, color, national origin, ethnicity, or disability.

It shall be a violation of the school district's Student Harassment or Intimidation policy for any teacher, administrator, or other school personnel of this school district to tolerate racial harassment or intimidation or harassment or intimidation based on a student's gender, color, national origin, ethnicity, or disability, by any student, teacher, administrator, or other school personnel, or by any third person or parties who are participating in, observing, or otherwise engaged in activities, including sporting events and other extra-curricular activities, under the auspices of the school district or any of its schools.

For the purposes of this policy, other school personnel means non-instructional support staff employees or other persons subject to the control and/or supervision of the school district.

The school district shall act promptly to investigate all complaints, either formal or informal, verbal or written, of harassment and/or intimidation because of a student's gender, race, color, national origin, ethnicity, or disability; to promptly take appropriate action to protect students from further harassment and/or intimidation; and, if it determines that prohibited harassment or intimidation has occurred, to promptly and appropriately discipline any student, teacher, administrator, or other school personnel who is found to have violated this policy and/or to take other appropriate action reasonably calculated to end the harassment and/or intimidation.

This policy shall be reproduced in the school district's employees' handbook and in its student's handbook.

## DEFINITIONS

A. Harassment and/or Intimidation based on a student's race or color for purposes of this policy racial harassment and/or intimidation of a student based on race or color shall consist of verbal or physical conduct, or actions displays or depictions, relating to an student's race or color, by a student, teacher administrator or other school personnel when

    1. the harassing conduct is sufficiently severe persistent or pervasive that it affects a student's ability to participate in or benefit from an educational program or activity or creates an Intimidating, threatening or abusive educational environment;

    2. the harassing or intimidating conduct otherwise adversely affects or hinders or restrains a student's participation in a student activity or an extra-curricular activity; or

    3. the harassing or intimidating conduct adversely affects a student's learning opportunities.

Examples of conduct which may constitute harassment and/or intimidation of a student because of race or color (regardless of whether the individual is white, black, Hispanic, Asian, Native American or other racial grouping) include, but are not limited to, the following:

- graffiti containing racially offensive language,

- racially offensive name calling jokes and humor,

- racially offensive notes, drawings and cartoons,

- threatening or intimidating conduct directed at another because of the other's race or color,

- racial slurs, racially negative and/or offensive stereotypes, and hostile acts which are based upon another's race or color,

- written or graphic material containing racial comments or stereotypes which is posted or circulated and which are aimed at degrading students on account of race or color,

- threats and physical acts of aggression or assault upon another because of, or in a manner reasonably related to, race or color,

- other kinds of aggressive conduct such as theft or damage to property which is motivated by race or color considerations,

- possession and display or showing of racial hate materials and publications of groups or organizations which espouse racial intolerance or hatred, or which espouse the inferiority of a race or color where not used and approved by a teacher in connection with an authorized class, and/or

- display of Confederate flags or banners, display of black power symbols, or the display of any flag, banner or symbol of a group or organization which espouses racial intolerance or hatred, or which espouses the inferiority of a race or color where not used and approved by a teacher in connection with an authorized class.

B.   Harassment and/or Intimidation based on a student's national origin or ethnicity

For purposes of this policy, ethnic or national origin harassment and/or intimidation of a student consists of verbal or physical conduct relating to a student's ethnicity or country of origin or the country of origin of the student's parents, family members or ancestors, by a student, teacher, administrator, or other school personnel when:

1.   The harassing conduct is so severe, persistent or pervasive that it affects a student's ability to participate in or benefit from an educational program or activity, or creates an intimidating, threatening or abusive educational environment;

2.   The harassing or intimidating conduct has the purpose or effect of substantially or unreasonably interfering with a student's work or academic performance, or hinders or restrains a student's participation in a student activity or extra-curricular activity; or

3.   The harassing or intimidating conduct otherwise adversely affects a student's learning opportunities.

Examples of conduct which may constitute harassment and/or intimidation of a student because of national origin or ethnicity include, but are not limited to, the following:

- graffiti containing offensive language which is derogatory to others because of their national ongoing or ethnicity,

- threatening or intimidating conduct directed at another because of the other's national origin or ethnicity,

- ethnic jokes, name calling, or rumors based upon a student's national origin or ethnicity, or that of members of his/her family or ancestors,

- ethnic slurs, negative stereotypes, and hostile acts which are based upon another's national origin or ethnicity,

- written or graphic material containing ethnic comments or stereotypes which is posted or circulated and which are aimed at degrading students, members or descendants of a foreign nation of origin, or ethnicity,

- threats or physical acts of aggression or assault upon another because of, or in a manner reasonably related to ethnicity or national origin,

- other kinds of aggressive conduct such as theft or damage to property which is motivated by national origin or ethnicity, and/or

- possession and display or showing of ethnic hate materials and publications of groups or organizations which espouse ethnic intolerance or hatred, or which espouse the inferiority of an ethnic group where not used and approved by a teacher in connection with an authorized class.

C.   Harassment and/or Intimidation based on a student's disability for purposes of this policy, physical or mental disability harassment and/or intimidation of a student consists of verbal or physical conduct relating to a student's physical or mental impairment by a student, teacher, administrator, or other school personnel when

1.   the harassing conduct is so severe, persistent or pervasive that it affects a student's ability to participate in or benefit from an educational program, activity or extra-curricular activity or creates an intimidating, threatening or abusive educational environment;

2.   the harassing or intimidating conduct has the purpose or effect of substantially or unreasonably interfering with a student's work or academic performance; or

3.   the harassing or intimidating conduct which otherwise adversely affects a student's learning opportunities.

Examples of conduct which may constitute harassment and/or intimidation because of a physical or mental disability include, but are not limited to, the following:

- graffiti containing offensive language which is derogatory to others because of their physical or mental disability,

- threatening or intimidating conduct directed at another because of the other's physical or mental disability,

- jokes, rumors or name calling based upon an individual's physical or mental disability,

- slurs, negative stereotypes, and hostile acts which are based upon another's physical or mental disability,

- graphic material containing comments or stereotypes which is posted or circulated and which is aimed at degrading individuals with a physical or mental disability,

- physical acts of aggression or assault upon another because of or in a manner reasonably related to, an individual's physical or mental disability, or

- other kinds of aggressive conduct such as theft or damage to properly which is motivated by an individual's physical or mental disability.

## DUTIES OF PRINCIPALS TO DISSEMINATE REVIEW AND EXPLAIN THIS POLICY

A.   The principal of each school within the school system shall review and explain this policy to each teacher, administrator, and other school personnel assigned to, or otherwise authorized to be upon the campus of the school and shall have each such parson sign a form stating that the policy has been reviewed and explained to him or her and that he or she will abide by the policy. The form shall be provided by the school district coordinator for complaints of harassment and/or intimidation, and may be a form attached to the employee handbook. The original, fully executed form shall be retained by the principal and a copy of the form shall be sent to the school district coordinator for complaints of harassment and/or intimidation.

B.   The principal of each school shall assure that this policy is reviewed and explained to all students enrolled in the school In a manner designed to adequately communicate to the students, based upon their age and general levels of understanding, the contents of this policy and reporting procedures for complaints of harassment and/or intimidation based on gender, race, color, national origin, ethnicity, or physical or mental disability.  The principal shall also assure, in such a manner as not to deter meritorious complaints by students, the seriousness of this policy and the need to avoid the making unfounded complaints.

The principal may design a program or plan and designate teachers, guidance counselors and/or other administrators to review and explain this policy to students. At the elementary level, each parson designated to review and explain this policy shall execute a statement attesting they have reviewed and explained this policy to each student, and that all questions raised by students were handled and adequately answered. At the middle and high school grade levels, including the sixth grade, each student shall be required to sign a form attesting that this policy has been reviewed with, and explained to, them and that they understand this policy and will abide by it.

At the elementary level, the principal, to the extent practicable, also shall review and explain this policy to the parents/tutors/guardians of students enrolled in the school. This may be done at parent/teacher organization meeting or other appropriate assemblies of parents/tutors/guardians conducted on school property.

Each principal of each school, regardless of the grade levels served by the school, shall also assure that a copy of this policy is forwarded to each student's parents/tutors/guardians with a communication advising them that should they have questions regarding this policy, the same should be communicated to him or her for answer. This may be done by sending home with each student a copy of the *Rapides Parish School Board Policies Handbook and Student Code of Conduct* to each student's parents/tutors/guardians where the parent/tutor/guardian executes and returns to the school the *Receipt and Statements of Compliance Form* attached to each such handbook.

A copy of this policy shall be at all times conspicuously posted in each school in a location accessible to students, faculty, administrators and other school personnel. The posted copy of this policy shall contain a) the name, mailing address (Which may be that of the school) and work and home telephone numbers of the parson designated as the school's school-based coordinator for complaints of harassment and/or intimidation, b) the name, mailing address and work and home telephone number of the school district coordinator for complaints of harassment and/or intimidation, and. c) with respect to complaints of harassment and/or intimidation based on race or color. the name of the school district's monitor and the attorney employed by the United States Department of Justice with monitoring responsibility for the implementation of the Consent Judgment of December 7, 2000.

## REPORTING PROCEDURES FOR COMPLAINTS OF HARASSMENT AND/OR INTIMIDATION

Any student who believes he or she has been the victim of harassment and/or intimidation because of his or her gender, race, color, national origin, ethnicity, or physical or mental disability by a student, teacher, administrator, or other school personnel, or by any other person who is participating in, observing, or otherwise engaged in activities, including sporting events and other extra-curricular activities, under the auspices of the school district or an Individual school, is encouraged to immediately report the alleged conduct or act to the person at his or her school designated as the school-based coordinator for complaints of harassment and/or intimidation, or to the principal, a guidance counselor, a teacher or other employee of the school system, including the school district coordinator for complaints of harassment and/or intimidation, and/or the Superintendent or other central office official. The school district

encourages the reporting party or complainant to use the report form available from the principal of each school or from the school district's central office, but oral reports shall be considered as complaints as well. Use of formal reporting forms is not mandated. Nothing in this policy shall prevent any person from reporting harassment directly to the Superintendent.

A.  In each school, the principal, an assistant principal or a guidance counselor shall be designated by the principal as the school-based coordinator for complaints of harassment and/or intimidation.

B.  Any teacher, administrator, or other school personnel who has knowledge or a belief, a reason to know, or receives notice that a student has or may have been the victim of harassment and/or intimidation, because of gender, race, color, national origin, ethnicity, or physical or mental disability shall immediately inform the school-based and school district coordinators for complaints of harassment and/or intimidation. Failure to immediately inform the school-based and school district coordinators for complaints of harassment and/or intimidation shall result in disciplinary action against the teacher, administrator, or other school personnel.

C.  Any parent, tutor, guardian or other person who has knowledge or a belief, a reason to know, or receives notice that a student has or may have been the victim of harassment and/or intimidation because of gender, race, color, national origin, ethnicity, or physical or mental disability is encouraged to inform the school-based and school district coordinators for complaints of such harassment and/or intimidation, or the Superintendent or other school district or school-based official.

D.  Upon receipt of a written report of harassment and/or intimidation, the school-based coordinator for complaints of harassment and/or intimidation shall immediately inform the school district coordinator for complaints of harassment and/or intimidation without prior screening or investigation of the report. A written statement of the alleged facts must be forwarded to the school district's coordinator for complaints of harassment and/or intimidation as soon thereafter as possible. Where an oral complaint or report is received by the school-based coordinator for complaints of harassment and/or intimidation, it shall be reduced to writing on a report form and the school district's coordinator for complaints of harassment and/or intimidation shall be immediately informed of the complaint prior to screening or investigation of the oral complaint. A written statement of the alleged facts must be forwarded to the school district coordinator for complaints of harassment and/or intimidation as soon thereafter as possible. Failure by a school-based coordinator for complaints of harassment and/or intimidation to forward a report or an oral complaint and the required written statement in timely fashion shall result in disciplinary action against the school-based coordinator for complaints of harassment and/or intimidation.

E.  The school district has designated the Title IX Coordinator as its school district coordinator for complaints of harassment and/or intimidation.

   1.  He/she shall receive complaints or reports and written statements of harassment and/or intimidation because of gender, race, color, national origin, ethnicity, or physical or mental disability.

   2.  He/she shall oversee the investigative process.

   3.  He/she shall be responsible for assessing the training needs of the school district's staff and students in connection with the dissemination, comprehension, and compliance with this policy.

   4.  He/she shall arrange for the training required in Paragraph 34 of the Consent Judgment of December 7, 2000.

   5.  He/she shall ensure that any investigation into an alleged act or conduct involving harassment and/or intimidation because of a student's gender, race, color, national origin, ethnicity, or physical or mental disability is conducted by an impartial investigator who has been trained in the requirements of equal educational opportunity, including harassment, and who is able to apply procedural and substantive standards which are necessary and applicable to identify harassment prohibited by this policy and any unlawful harassment or conduct, recommend appropriate discipline when harassment is found, and take other appropriate action to rectify the damaging effects of any prohibited act or conduct, including recommendations for interim measures which may be deemed necessary for the protection of the victim during the course of the investigation.

      In each instance in which harassment is found to have occurred because of an act or conduct of a student, the school district coordinator for complaints of harassment and/or intimidation schedule and conduct, or direct the school-based coordinator for complaints of harassment and/or intimidation and principal to schedule and conduct a conference with the parent(s), Mores) or guardian(s) of the child found to have committed an act or engaged in conduct prohibited by this policy.

In each instance in which harassment is found to have occurred because of an act or conduct of a teacher, administrator, or other school personnel of the school district, appropriate disciplinary actions shall be taken. In each instance in which harassment is found to have occurred because of an act or conduct of a third party, such person shall be banned from school activities under the auspices of the school district or any school within the school system.

In each instance in which the harassment alleged may, if found to have actually occurred, constitute a crime under either the laws of this state or of the United States, the school district coordinator for complaints of harassment and/or intimidation shall notify in writing the district attorney or the United States Attorney having jurisdiction over the matter. (This requirement may be satisfied by the school district coordinator for complaints of harassment and/or intimidation by consulting with the member of the district attorney's office designated to provide general counsel services to the school district or by consulting with the school district's general counsel should one be appointed to deliver general legal services for the school district. Compliance with the legal advice received through such consultation shall serve to discharge the responsibility imposed herein on the school district coordinator for complaints of harassment and/or intimidation.) In the event the district attorney or the United States Attorney elects to investigate the report or oral complaint of harassment and/or intimidation, a school district investigation into the matter shell, nevertheless proceed, unless enjoined by a court of proper jurisdiction.

6. The school district shall respect the privacy of the complainant, the individuals against whom the report or oral complaint is made against, and all witnesses as much as possible, consistent with the school district's obligations to investigate, to take appropriate action, and to conform with any discovery or disclosure obligations.

## INVESTIGATIONS

A. Upon receipt of a written statement from a school-based coordinator for complaints of harassment and/or intimidation or upon receipt of a report or oral complaint from a third person, as the case may be, the school district coordinator for complaints of harassment and/or intimidation shall undertake or authorize an investigation. The investigation may be conducted by a school district official or a person designated to conduct such investigations. The investigator must be impartial and have received such training as provided for hereinabove.

B. The investigation shall consist of a personal interview with the complainant, and may include interviews with the complainant parent(s), tutor(s) or guardian(s), the individual(s) against whom the complaint is made and his/her parent(s), tutor(s) or guardian(s) where the alleged perpetrator is a student and others who have knowledge of the alleged act or conduct or circumstances giving rise to the complaint the investigation may also consist of an evaluation of any other information or documents which may shed light on the alleged act or conduct.

C. In determining whether a violation of this policy has occurred, the investigator shall consider

1. The nature and severity of the act or conduct,

2. How often the act or conduct occurred,

3. Whether the act or conduct was part of a continuing pattern of behavior, or whether past incidents of similar behavior have been found to have occurred,

4. The relationship between the parties,

5. The gender, race, color, national origin, physical and mental capacity, and age of the victim and perpetrator,

6. Whether the perpetrator was in a position of power, or whether because of his/her status the student had reason to believe the perpetrator, was in a position of power over the student subjected to the harassment and/or intimidation,

7. The number of alleged persons involved in the harassment and/or intimidation,

8. Where the harassment occurred,

9. Whether there have been other incidents of the same or similar behavior at the school involving the same or other students,

10. Whether the act or conduct adversely affected the student's education, educational environment, or participation in extra-curricular activities, and

11. The context in which the alleged act or conduct occurred.

D. Upon completion of an investigation, the investigator shall make a written report to the school district coordinator of complaints of harassment and/or intimidation, where the investigation is conducted by another person, and the Superintendent.  The investigation shall be completed in as expeditious an amount of time as practicable under the

circumstances, but in no event shall an investigation take longer to complete than one month from the date of its commencement, except where enjoined by a court of proper jurisdiction. The written report of the investigator shall contain a recommendation with respect to disciplinary action and shall be filed with the School Board, and a copy thereof shall be furnished to the school district monitor and, in cases involving harassment based on race or color, the attorney employed by the United States Department of Justice with monitoring responsibility for the implementation of the Consent Judgment of December 7, 2000.

## STUDENT DISCIPLINE FOR VIOLATIONS OF THIS POLICY

A.  The Superintendent shall be responsible for seeing to it that the disciplinary action recommended by the investigator is carried out, unless he/she provides written reasons as to why the recommended disciplinary action is overly severe or insufficient, based upon the investigative findings, in the written report. A copy of any such written reasons shall be filed with the School Board and a copy thereof shall be furnished the school district's monitor and, in cases involving harassment based on race or color, the attorney employed by the United States Department of Justice with monitoring responsibility for the Implementation of the Consent Judgment of December 7, 2000.

B.  The discipline administered a student may include any discipline provided for in the discipline policies of the Rapides Parish School Board. In addition to the actions provided for in the said School district's discipline policies, a mandatory student/parent/tutor/guardian conference shall be conducted by the school district coordinator for complaints of harassment and/or Intimidation or the School-based coordinator for complaints of harassment and/or intimidation and the principal of the school.

With the exception of disciplinary action consisting of a suspension or expulsion which must be considered by the School Board, the investigators procedures contained in this policy shall supersede and take precedence over those contained in the discipline policies of the Rapides Parish School Board and the recommended discipline contained in the investigative report, as accepted or modified by the Superintendent, shall serve in lieu of any recommendation of a teacher or action by a principal.

In cases involving possible suspension or expulsion, the recommended discipline contained in the investigative report, as accepted or modified by the Superintendent, shall serve in lieu of any recommendation of a principal.

## DISCIPLINE OF TEACHERS ADMINISTRATORS AND OTHER SCHOOL PERSONNEL

Teachers, administrators and other School personnel shall be disciplined by the School Board in accordance with applicable law and/or School Board policy.

Where the safety or welfare of a child may be at issue, the Superintendent is authorized to suspend a teacher, administrator or other school personnel with pay and benefits pending completion of an investigation and/or School Board disciplinary action.

## REPRISAL

A.  Submission of a good faith report or compliant of harassment and/or intimidation based on gender, race, color, national origin, ethnicity, or physical or mental disability shall not affect the complainant or reporter's future employment, grades, learning or working environment, participation in extra-curricular activities, or work assignments.

B.  Any student teacher, administrator, or other school employee who retaliates against any person who complains or reports an act or conduct constituting or which may constitute harassment and/or intimidation because of gender, race, color, national origin, ethnicity, or physical or mental disability shall be disciplined by the school district. Retaliation includes, but is not limited to any form of intimidation, reprisal or harassment.

*Ref: 29 U.S.C. 791 at. seq.; 42 U.S.C. 2000d; 42 U.S.C. 12131-12134; Consent Judgment, Virgie Lee valley et. al, y. Rapides Parish School Board, 12-7-00; La Rev. Stat. Ann. §§14:41 et seq., 17:81. Board minutes 2-06-02, 3-06-07.*

## EMPLOYEE TOBACCO USE

Board members and Board employees are prohibited from smoking, carrying a lighted cigar or cigarette, pipe or any other form of smoking object or device, or possessing any lighted tobacco product or any other lighted combustible plant material in any elementary or secondary school building, on the campus of any elementary or secondary school, in any building on the campus, or on any school bus, or in the building or on the grounds of any other facility on property owned by or leased to the Board, including but not limited to the media center, the central office, the maintenance buildings or the grounds of those buildings.

Board members and Board employees are prohibited from chewing or otherwise consuming any tobacco or tobacco product on or in any buildings, grounds or buses mentioned in the foregoing paragraph.

Additionally, during the loading, unloading or transport of students, or during any school sponsored activity where students are present, no cigarettes, cigars, smoking paraphernalia or other tobacco products, whether chewing tobacco, snuff or otherwise, shall be displayed or placed so that those products are observable by any student during the participation by students in school or school related activities or transportation for those purposes.

The prohibitions mentioned above shall not apply to forested lands owned by the Board where no buildings or improvements are constructed such as 16'" Section swamp lands open to the public for recreational use unless students are present on a school sponsored or school related activity, in which case the prohibitions shall apply.

Revised: September, 2006
Revised: February, 2007

*Ref: 20 USC 7183 (No Child Left Behind Act of 2001); La. Rev. Stat. Ann. §§17:240, 40:1300.251, 40:1300.252, 40:1300.253, 40:1300.255, 40:1300.261; Board minutes, 3-D7-Q6, 3-Q6-Q7.*

### STUDENT HARASSMENT OR INTIMIDATION NOT CAUSED BY A STUDENT'S RACE, COLOR, NATIONAL ORIGIN, ETHNICITY, SEX, SEXUAL ORIENTATION OR DISABILITY

It is the policy of the Rapides Parish School Board that harassment, intimidation, cyberbullying, and bullying of a student by another student is prohibited. Any student participating in such activities is subject to discipline including suspension or expulsion as provided by the general discipline procedures in the Student Code of Conduct.

For purposes of this Subsection the terms "harassment," "intimidation," and bullying shall mean any intentional gesture or written, verbal, or physical act that:

1. A reasonable person under the circumstances should know what will have the effect of harming a student mental or physical or damaging his property or placing a student in reasonable fear of harm to his life or person or damage to his property;

2. Is so severe, persistent, or pervasive that it creates an intimidating threatening or abusive educational environment for a student: and

3. Any student, school employee, or school volunteer who in good faith reports an incident of harassment, intimidation, cyberbullying or bullying to the appropriate school official in accordance with the procedures established by local board policy shall be immune from a right of action for damages arising from any failure to remedy the reported incident.

### <u>ACT 755</u>

This act requires the board to review the student handbook and code of conduct and amend it to "assure that the policy prohibiting harassment, intimidation and bullying of a student by another student specifically addresses the nature, extent, causes and consequences of cyberbullying. <u>The act requires the review and amendment not later than January 1, 2011</u>, and requires that the board, within ten days of school enrollment by each student, inform each student of the prohibition against harassment, etc.

# *Section XIII*
# *Searches*



# SEARCHES

## INTRODUCTION

Students have a right to be free from unreasonable searches of their persons. However, Act No. 658, Section 416.3 of Title XVII of the Louisiana Revised Statutes of 1950 makes the following provisions relative to the search of students' persons, desks, lockers, and other school areas when searching for contraband, illegal drugs or weapons.

A.      (1) The parish and city school systems of the state are the exclusive owners of all public school buildings and all desks and lockers within the building assigned to any student and any other area of any public school building or grounds set aside specifically for the personal use of the students. Any teacher, principal, school security guard, or administrator in any parish or city school system of the state may search any building, desk, locker, area, or grounds for evidence that the law, a school rule, or parish or city school board policy has been violated.

(2) The teacher, principal, school security guard, or administrator may search the person of a student of his personal effects when, based on the attendant circumstances at the time of the search, there are reasonable grounds to suspect that the search will reveal evidence that the student has violated the law, a school rule, or a school board policy. Such a search shall be conducted in a manner that is reasonable related to the purpose of the search and not excessively intrusive in light of the age or sex of the student and the nature of the suspected offense.

B.      If any teacher, principal, school security guard, or administrator in the public school system is sued for damages by any student, the parent of any student, or other person qualified to bring suit on behalf of the student, based upon a search of that student's person, desk, locker, or any other area of a school building or grounds set aside specifically for that student's personal use, when the teacher, principal, school security guard, or administrator reasonably believed that the student had weapons, illegal drugs, alcohol, stolen goods, or other materials or objects the possession of which is a violation of the parish or city school board policy on his person, or had reasonable belief that such desk, locker, or other area contained such items, or based upon a search using a metal detector, it shall be the responsibility of the school board employing such teacher, principal, school security guard, or administrator to provide the defendant with legal defense, including reasonable attorney's fees, investigatory costs, and other related expenses.

C.      Lockers shall be opened in the student's presence when administratively feasible.

D.      A student not present shall be informed of the search.

E.      Items which are specifically prohibited by law, Board policy or school regulation shall be impounded. The principal or designee shall report the discovery or confiscation of the following items or materials to the law enforcement officials:

1.      Any firearms, explosives, bombs, knives or other implements which can be used as weapons or the careless use of which might inflict harm or injury.

2.      Any controlled dangerous substance as defined in R.S.40:961 (7).

Any implement or material required to be reported to law enforcement officials as provided above shall be retained and secured by the administrator in such a manner as to prevent the destruction, alteration or disappearance of the item or material until such time as the law enforcement authority either takes custody of the implement or material, or provides notice to the school principal or administrator that it need no longer be retained. If law enforcement advises that the material or implement need not be retained, the administrator shall forward the material to the office of the superintendent, and the superintendent or designee may confiscate the item or material and have it destroyed or donated to appropriate law enforcement agencies, or may return it to the parent or guardian of the student as the superintendent in his or her discretion may deem appropriate.

F.      The student shall be given a receipt for any items impounded by school administrators and parent or guardians shall be notified of any items impounded.

G.     A written record shall be made, thereof, by the person conducting the search and shall include the name of the person involved, the circumstances leading to the search and results of the search.

H.     Any search of a student's person shall be done privately by a teacher or an administrator of the same sex as the student to be searched.

I.     When a search of a student's person is conducted, at least one witness, who is an administrator or teacher also of the same sex as the student, shall be present throughout the search.

J.     Violation of this policy by a teacher, administrator or other school board employee shall be referred to the superintendent for appropriate disciplinary action as provided by board policies and applicable state law.

## SEARCH OF NON-STUDENTS ENTERING PUBLIC SCHOOL
## BUILDINGS OR GROUNDS

Any school principal, administrator or school security guard may search the person, handbag, briefcase, backpack, purse or other objects in possession of any person who is not a student enrolled at the school or a school employee while said person is in any school building or on the school grounds, either by conducting a random search with a metal detector or by a reasonable physical search of the person's clothing or other possessions, when there is a reasonable suspicion that such person has any weapons, illegal drugs, alcohol, stolen goods or other materials or objects, the possession of which is a violation of the school board's policy or state law. Said search shall be conducted in a manner that is reasonable related to the purpose of the search and, if a search of the clothing or person of the party is conducted, it shall be conducted by a school employee or administrator of the same sex as the person to be searched. Except, when circumstances make it impracticable, the search of a non-student's person or clothing which is worn on the body should be conducted in a room or other private area and should be witnessed by an additional school employee of the same sex as the person to be searched. Any contraband or other illegal items, the possession of which violates state law or school board policy, which are found as a result of the search shall be impounded by the school board employee or administrator and the appropriate law enforcement agency notified.

## METAL DETECTORS

Random searches with a metal detector of students of their personal effects may be conducted at any time, provided they are conducted without deliberate touching of the student.

## GUIDELINES FOR USE OF METAL DETECTORS
## RAPIDES PARISH SCHOOLS
## PURSUANT TO R.S. 17:81 (L)

### POLICY:

The Rapides Parish School Board, to help ensure the safety of its students and employees, has approved the use of metal detectors in schools. Strict guidelines will be followed to ensure that searches conducted with a metal detector are lawful, unbiased, and respectful of the right of privacy.

### PURPOSE:

School systems in Louisiana are faced with ever-increasing violence and the use of weapons on or adjacent to school campuses and at after-school social functions. In this connection, it is generally believed that a so-called wand metal detector could prove useful as a deterrent when utilized in a publicized random search program. The purpose of these guidelines is to deter students from bringing weapons onto school property, thus reducing the potential for violent incidents.

**NOTIFICATION:**

(1)     Signs shall be posted outside the entrances to School Board facilities in order to provide notice to all persons that they are subject to search as a condition of entry.

(2)     The parents or guardians are hereby notified that random searches will be conducted.

## RANDOM SEARCHES

(1).     Search students at random as they enter school, enter the cafeteria and leave school; search all of every third, fourth, or fifth student.

(2).     Select at random an entire class to search upon entering, and/or upon leaving the classroom.

## DETECTOR SEARCH PROCEDURE

When conducting a detector search of a student or individual, the administrator shall request that all metal objects be removed from pockets and placed on a tray, along with any bags or parcels being carried. If the detector activates on the individual, the administrator conducting the search shall request that any remaining metal objects be removed. If the detector activates again, the individual should be taken to a private area and personally searched by a search team member of the same sex.  A witness of the same sex should be present during this portion of the procedure. Strip searches are prohibited. Once the object causing the metal detector to activate has been removed, the individual shall be searched again with the metal detector, and the search will continue only if the detector activates again. A physical exam will be made of all bags and parcels belonging to the individual.

## DISCOVERY OF CONTRABAND

Should an individual be found in possession of contraband (such as weapons, illegal drugs, or other prohibited objects), the search team member shall notify the appropriate school official and/or law enforcement officer. The law enforcement officer shall take custody of all weapons and illegal drugs. The administrator should attempt to notify parents of a student when a discovery of contraband has been made.

In the event concealed contraband is detected or suspected and the student refuses to produce the object the law enforcement officials shall be called to conduct a search.

## RETURN OF PROPERTY

All property removed from an individual that is not prohibited by law or School Board policy and is appropriately possessed shall be returned to the individual.

## SCHOOL GROUNDS

Following completion of a search of students, the search team should conduct a perimeter search of the school grounds for weapons or other contraband.

## STUDENT ACCESS TO AUTOMOBILES

During the school day, students shall not enter automobiles on or near campus without permission from the teacher or principal. This will reduce student access to weapons or contraband.

# *Section XIV*
# *Access to*
# *Records*



STUDENTS RECORDS FILE: JR Cf: IFD

Parents and guardians have the right to inspect and review any school records dealing with their children. Students eighteen (18) years of age or older have the sole right to inspect and review their respective student records. Review and dissemination of any student information shall be conducted under strict statutory precautions. Student records are defined to be all official records, files, documents, and other materials directly related to children, and all material that is incorporated into each student's cumulative record folder, and intended for school use or to be available to parties outside the school or school system. Such items include, but are not necessarily limited to, identifying data, academic work completed, grades, standardized test scores, attendance data, scores on standardized intelligence, aptitude, and psychological tests, and health data.

<u>ANNUAL NOTIFICATION</u>

All parents/guardians shall be notified annually of their rights under the Family Educational Rights and Privacy Act of 1974 (FERPA). Such notification shall be made annually by publication in student handbooks, newsletters, notification to student's home by students, by mail, or publication in the official journal or in such manner as deemed appropriate by the Board.

<u>DIRECTORY INFORMATION</u>

Information classified as "directory information" may be publicly disclosed from a student's record without the consent of the parent or eligible student where the release of the information is appropriately interconnected to school activities, athletic participation and the like. Directory information is hereby designated by the Rapides Parish School Board to include the following:

1. Student's name and grade level
2. Student's major field of study
3. Student's participation in officially recognized activities and sports
4. Student's weight and height as members of athletic teams
5. School attended by student and degrees and awards received by student
6. Photographs or videos of student taken in connection with the activities, awards, etc. mentioned above

A parent or adult student may refuse to allow release of directory information described above, thus prohibiting that release regarding the student to the public. The board's student handbook shall contain a brief statement notifying parents or adult students that they have thirty days in which to notify the school board of their refusal to allow release of directory information concerning the student as described above. The notice shall be in writing and delivered to the office of the principal of the school which the student will attend during the upcoming school year, with a copy simultaneously mailed or delivered to the office of the Rapides Parish Superintendent, P.O. Box 1230, Alexandria, LA, 71309. If the described notice is not so delivered, then the RPSB, its central office and school personnel may release directory information concerning the student as described above.

**Collection and Disclosure of Information Related to Postsecondary Education**

Upon obtaining the written consent (via the Release of Student Information consent form) from a parent, or student who has reached the age of majority or legal guardian of a student, the Board shall collect the following information from each student in grades eight through twelve:
(a) Full name.
(b) Date of birth.
(c) Social security number.
(d) Student cumulative transcript data.
(e) Race and ethnicity data.
The consent authorizes the Board to provide such information to Louisiana post-secondary institutions, LOSFA (Louisiana Office of Student Financial Assistance) and Board of Regents – full name, date of birth, social security number, race, ethnicity, and transcript data. The data will be used for the purposes of processing applications for admission and for compliance with state and federal reporting requirements, for state and federal financial aid, for required grant program reporting, for providing reports to the school's governing authority on the postsecondary education remediation needs, retention rates, and graduation rates, for each high school under its jurisdiction, and for evaluating comparative postsecondary education performance outcomes based on student transcript data in order to develop policies designed to improve student academic achievement. **Failure to provide written consent for the collection and disclosure of the student's information will result in delays or may prevent successful application for admission to a post-secondary educational institution and for state and federal student financial aid.** Once obtained such written consent shall continue year to year until withdrawn by the parent, eligible student or legal guardian. If a parent, eligible student or legal guardian wishes to deny consent for release of information related to postsecondary education, except as provided by law, he or she must contact the school office and complete a "Release 10 Clarification Form". Such termination does not apply to information generated/released

114

prior to the receipt of consent termination. Access by the Louisiana Department of Education LRS 17:3914 provides limitations on the access to student personally identifiable information by the Louisiana Department of Education. (a) Provide a student's identification number as provided by law, and aggregate data to the local school board, the state Department of Education, or the State Board of Elementary and Secondary Education solely for the purpose of satisfying state and federal reporting requirements. (b) Provide to the state Department of Education, for the purpose of satisfying state and federal assessment, auditing, funding, monitoring, program administration, and state accountability requirements, information from which enough personally identifiable information has been removed such that the remaining information does not identify a student and there is no basis to believe that the information alone can be used to identify a student. No official or employee of the state Department of Education shall share such information with any person or public or private entity located outside of Louisiana, other than for purposes of academic analysis of assessments. (c) Provide personally identifiable information regarding a particular student to any person or public or private entity if the sharing of the particular information with the particular recipient of the information has been authorized in writing by the parent or legal guardian of the student, or by a student who has reached the age of legal majority, or if the information is provided to a person authorized by the state, including the legislative auditor, to audit processes including student enrollment counts. Any recipient of such information shall maintain the confidentiality of such information. Any person who knowingly and willingly fails to maintain the confidentiality of such information shall be subject to the penalties provided by law. (d) Provide for the transfer of student information pursuant to the provisions of R.S. 17:112 **RELEASE OF STUDENT INFORMATION CONSENT FORM on page 185**

In accordance with the No Child Left Behind Act of 2001, schools shall honor the requests of military recruiters for names, addresses and phone numbers of high school students, unless parents or the adult student have specified that such information not be released to recruiters, with the parental or student notification having been delivered in duplicate in the manner described above relating to general directory information.

<u>ACCESS TO RECORDS – ACT 547 of 2018</u>

1.  The parent or legal guardian of a minor student shall be provided access to student records upon within ten (10) business days of submitting a written request either electronically or on paper, no charge is made for records transmitted electronically. Paper copies of records shall be in accordance with the schedule adopted by the Board. Such records shall include academic records including but not limited to results of interim or benchmark assessments, records of discipline, records of attendance, records associated with a child's screening for learning challenges, exceptionalities, plans for an individualized education program or individual accommodation plan or any other student-specific file, document or material maintained by the school. If the student is eighteen (18) years or older, only the student has the right to determine who, outside the school system, has access to his/her records. The parent, legal guardian or student, if the student is 18 or over, will, upon written request to the principal maintaining those records, have the opportunity to receive an interpretation of those records, have the right to question those data, and if a difference of opinion is noted, shall be permitted to file a letter in said cumulative folder stating their position. If further challenge is made to the record, the normal appeal procedures established by School Board policy will be followed. Student records may only be examined in the presence of a school official competent to interpret student records information.
2.  School personnel having access to those data are defined as any person or persons under contract to the system and directly involved in working toward either the affective or cognitive goals of the system.
3.  Access to school records shall not be denied to a parent solely because he/she is not the child's custodial or domiciliary parent (La. Rev. Stat. Ann. §9:351).

<u>RELEASE OF INFORMATION OUTSIDE THE SCHOOL SYSTEM</u>

1.  To release student records to other schools or school systems in which the student intends to enroll, the parents, legal guardian or the student, if he/she is eighteen (18) years or over, must be notified of the transfer and the kinds of information being released. They shall receive a copy of such information if it is requested in writing and shall have the opportunity to challenge that record as described above. Those data may be released to State Education and other governmental agencies only if the names and all identifying markings are removed to prevent the identification of individuals.
2.  To release student records to other persons or agencies, written consent shall be given by the parent, legal guardian or the student if he/she is 18 or older. Such consent form shall state which records shall be released, to whom they shall be released and the reason for the release. A copy of the student record being sent shall be made available to the person signing the release forms if he/she so desires.
3.  The principal of a public elementary or secondary school shall provide for the transfer of the education records, including special education records. If applicable, of any current or former student at his/her school upon the written request of any authorized person on behalf of a public or nonpublic elementary or secondary school, or an educational facility operated within any correctional or health facility, whether within or outside the state of Louisiana, where such student has become enrolled or is seeking enrollment.

Under no circumstances may a school or school district refuse to promptly transfer the records of any child withdrawing or transferring from the school. Transfer of records, whether by mail or otherwise, shall occur no later than ten (10) business days from the date of receipt of a written request.

4. Student records shall be furnished in compliance with judicial orders or pursuant to any lawfully issued subpoena if the parents, legal guardian and students are notified in advance.

5. All authorizations for release of information shall be filed in the student cumulative folder.

6. The School Board and employees may disclose education records or information from education records, without the consent of the parent or guardian of the student who is the subject of the records, to certain law enforcement officials. Disclosure of such records or information shall be in accordance with the following provisions:

   A. Disclosure of education records or information from education records shall only be made to state or local law enforcement officials or to other officials within the juvenile justice system Verification of the official's position may need to be made before the disclosure of records or information.

   B. The disclosure of the education record or information must relate to the ability of the juvenile justice system to serve, prior to adjudication, the student whose records or information is to be disclosed.

   C. The officials to whom the records or the information are disclosed shall certify in writing that that person, and any agency or organization with which that person is affiliated, shall keep the personally identifiable portions of the records or the information confidential and shall not disclose the personally identifiable portions of the records or the information to any person, agency, or organization except a person, agency, or organization within the juvenile justice system having an independent right to the information.

   D. Any other provisions necessary to comply with federal law or rules.

## REVIEW OF STUDENT RECORDS BY THE PARENT

1. Schools shall provide for the review of student records by parents or guardians. Parents and students shall be given notification of their right to review the student records.

2. A parent or guardian who desires to review his/her child's record shall contact the school for an appointment. A conference shall be scheduled as soon as possible, not to exceed one month. The disclosure record shall be completed at the time of the conference. Prior to the scheduled conference, the principal shall review the record for accuracy and completeness.

3. The record shall be examined by the parent in the presence of the principal or a designated professional person. The principal or a designated professional person shall provide the parent an opportunity to raise questions regarding information on the records A record of the review shall be made on the disclosure record.

4. If the parent or guardian requests a hearing to challenge information contained in the student's folder, a written request for the hearing shall be made and a hearing scheduled for a date not less than three (3) working days or more than two (2) weeks from the date of the requests.

   A. The hearing shall be held with the principal and the parent or guardian at the scheduled time.

   B. If the parent or guardian is not satisfied with the hearing with the principal, he/she shall have the opportunity to appeal the decision to the Superintendent or designee(s).

   C. The parent or guardian shall request the appeal in writing to the Superintendent. Upon receipt of said request, the Superintendent shall schedule a hearing within ten (10) working days following receipt of the parent's request. The date, time and place of the review hearing shall be sent to the parent or guardian by United States registered or certified mail, return receipt requested.

5. At the review hearing:

   A. The Superintendent or designee shall preside;

   B. The parent or guardian and the principal shall be present. The student shall be present if requested by the parent or guardian or school official;

   C. The decision of the hearing shall be communicated to the school and parent or guardian in writing within ten (10) working days;

   D. The parent shall have the right to file a dissenting statement concerning the hearing; such statement shall become part of the student's cumulative folder.

Revised: October, 2001 Revised: February, 2003 Revised: December, 2009 Revised: May, 2013
Ref: 20 USC 1232 (g-i) (Family Educational Rights and Privacy Act), 20 USC 7908 (Armed Forces Recruiter Access to Student Information), 34 CFR 99. i -99 67 {Family Educational Rights and Privacy - Federal Regulations}; La. Rev. Stat. Ann. §§9:351, 17:81, 17:112, 17221.d._ +7-c~ 44:4 44:4.1 44:31 44:32, La. Civil Code, Art. 131, 134, 250; Board minutes 5-4-10.

## STUDENTS' RECORDS

Schools must gather and maintain certain information about students for administrative purposes and for guiding students' proper education and career goals. The cumulative folder contains the official student record and will follow the student through school.

    A.    Contents of the cumulative records and permanent discipline folder may be examined only in the presence of the school official who is competent to interpret student's records.

    B.    Students, parents, guardians, or school officials may examine the contents of the cumulative records at all reasonable times. Exception: If students are eighteen years of age or older, they may deny access to their records by parents or other parties by a written notice on file.

    C.    Students eighteen years of age or older may examine the contents of the cumulative record at any reasonable time.

    D.    Other school personnel who have a proper educational purpose for examining the information may have access to the cumulative records.

        ➢    In accordance with state law (R.S. 71:81), student records or information may be disclosed to Law Enforcement & Juvenile Justice System officials without the consent of the parents subject to a confidentiality requirement by those agencies.

    E.    Access to school records shall not be denied to a parent solely because he/she is not the child's custodial or domiciliary parent (R.S. 9:351).

    F.    Legally, students' records cannot be withheld for non-payment of fees or debts.

        Student records should be transferred within ten (10) business days to another school or education facility upon receipt of a written request for those records from the other education facility. (R.S. 17:112)

    G.    Any school fees owed by the student must be paid before the student can participate in commencement ceremonies from a public high school in Rapides Parish.

    H.    Student names, addresses and telephone numbers are not public records accessible upon request by the general public (R.S. 44:4(29) (a).

## DIRECTORY INFORMATION - FERPA

In order to give parents notice as required by the policy, when the student handbook is prepared for the 2013-14 school year, a paragraph should be inserted in the "Student Records" section of the handbook to provide as follows:

Parents/guardians of students and students eighteen years of age or older are hereby notified of their rights to restrict the public release of certain information concerning the student in accordance with the Family Educational Rights & Privacy Act of 1974 (FERPA) and the No Child Left Behind Act of 2001. Should a parent /guardian or adult student wish to restrict the public release of certain information concerning the student in connection with athletic or academic honors received, participation in certain school activities, or access to records by military recruiters, the parents/guardians or adult students must notify the principal of the school which the student will attend in the upcoming year in writing, with a copy of notice being delivered or mailed to the office of the superintendent, P.O. Box 1230, Alexandria, LA, 71309, in accordance with the provisions of Rapides Parish School Board Policy JR. Failure to file the appropriate written notice within thirty days from dissemination of this handbook shall permit the student's school or the central office to publicly release general directory information concerning the student in connection with the student's participation in or receipt of honors or awards for athletic activities, academic endeavors, honors and degrees, etc., all as specifically provided by RPSB Policy JR.

## CONSENT FOR RELEASE OF RECORDS CONTAINING PERSONALLY IDENTIFYING INFORMATION OF STUDENTS INCLUDING GRADE TRANSCRIPTS AND RECORDS FOR STUDENTS IN GRADES 8-12 REQUIRED FOR COLLEGE ADMISSION APPLICATIONS

Recent changes to State law (R.S. 17:3913-3914 and Act 228 of 2015) require that parental/guardian consent be obtained before schools or school personnel can release information, including a student's full name, which might be used to identify a particular student. A detailed consent form is found at the end of this Handbook and in order to permit schools to release traditional information regarding club and athletic participation, graduation programs, school yearbooks and more importantly, student grade transcripts to colleges to which a student is applying for admission, the parent/guardian must sign the written permission document and return it to the school's admitting office for filing. In compliance with recent state enactments, the document is detailed and provides that if consent is given it may be revoked by a written revocation signed by the parent/guardian and delivered to the school with a copy to the Rapides Superintendent of schools. Whether the consent is signed or not personally identifying student information will be released or provided by school personnel only in accordance with Federal or State law or Board policies applicable to providing this type of information to various agencies or, in the case of student accomplishments or participation in school activities, to media.

# FREEDOM OF RELIGION

Students' religious beliefs are their own and should be respected; therefore, nothing shall permit the imposition of another's religious beliefs or teaching of any students.

# SPECIAL EDUCATION AND TRAINING

Louisiana law provides for educational training abilities and opportunities for the handicapped. It is the responsibility of the public school system of Louisiana, both from the local and state levels, to offer the best available educational, learning, and training facilities, services, classes and opportunities to all children of school age within their respective boundaries. Parish school boards must provide transportation for special education students when such transportation is necessary.

No student however, may be excluded from regular classes because of mental or physical disability or handicap unless this is the placement decision of the Student IEP Committee.

A personal consultation with the parent or guardian must be provided. The parent or guardian shall have the right to have the child retested by the other competent public or private authorities, and if the retesting justifies, to determine the correct evaluation in the district court or juvenile court of the parish where the student lives. A student may be excluded from regular classes or from special education classes for disciplinary reasons. In keeping with the special education discipline policy, no child who is handicapped, including emotionally disturbed shall be assigned to a class for the handicapped because of disciplinary reasons.

# TITLE IX

A.    **GENERAL**

 In June 1972, the Congress passed Title IX of the Education Amendment, a law which affects virtually every educational institution in the country. The law prohibits discrimination by sex in educational programs that receive federal funds. The law states in part that, "No person in the United States shall on the basis of sex be excluded from participation in, be denied the benefits of, or be subject to discrimination under any education program or activity receiving federal financial assistance." Male and female students must be eligible for benefits, services, and financial aid without discrimination on the basis of sex.

B.    **MARRIAGE AND PREGNANCY**

Any school or education program or activity receiving federal assistance shall not apply any rules concerning a student's actual or potential family, or marital status which treats students differently on the basis of sex.

A student shall not be discriminated against, nor excluded from the education program or activity, including any class or extracurricular activity, on the basis of such student's pregnancy, termination of pregnancy or recovery

there from, unless the student requests voluntarily to participate in a separate portion of the education program or activity of the school. A school may require such a student to obtain the certification of a doctor that the student is physically and emotionally able to continue participation in the normal education program or activity so long as such a certification is required of all students for other physical or emotional conditions requiring the attention of a doctor. Instructional programs (outside or away from the regular school setting) for pregnant students must be comparable to that offered to non-pregnant students. Pregnancy must be treated in the same manner as any other temporary disability. At the conclusion of the disability, the student shall be reinstated to the status held before. **Federal Register, Wednesday, June 4, 1975, Volume 40, Number 108, Part II**

## EXPECTANT AND PARENTING STUDENTS FILE:  JQE Cf: IDDC

The Rapides Parish School Board is cognizant of the problems of marriage, pregnancy and parenthood among students prior to their graduation from high school. The School Board authorizes the Superintendent to assure that such students have the opportunity to earn the education which they deserve. It is recommended that a pupil who becomes pregnant shall notify the principal or guidance counselor in writing immediately upon knowledge of the condition. Pregnant pupils will be permitted to continue in school in all instances when continued attendance has the sanction of the expectant mother's physician. A physician's statement shall be submitted stating the pupil's medical condition, approval for continued attendance, and activities in which the pupil may not participate. The student shall keep the school administration continually apprised of her progress. The school shall not be held responsible for any medical problems that may arise with a pregnant pupil while she is in school. Should the student need to be absent from school for a prolonged period of time, the student may enroll in the School Board's homebound instruction program until released by her physician to return to regular classes. Any student who is not able to return to regular classes shall be encouraged to enroll in an appropriate alternative education program. Marital, maternal, or paternal status shall not affect the rights and privileges of pupils to receive a public education nor to take part in any extracurricular activity offered by the schools. After delivery, the student shall be permitted to return to school as soon as she is physically able, upon certification by her physician.

In regard to each expectant and parenting student, each school and the Rapides Parish School Board shall:

1.  Maintain confidentiality in regard to the student;
2.  Ensure a safe and supportive learning environment for the  student;
3.  Promote academic success for the student;
4.  Utilize sensible attendance policies, taking into account all necessary factors; and,
5.  Provide a supportive school environment that promotes high school  graduation.

Revised: March 7, 2017

Ref: US Constitution, Amend. XIV, ' 1, 20 USC ' 1681 et seq. *(Discrimination Based on* Sex *or Blindness);* La. Rev. Stat. Ann. §17:221.7; Cleveland Board of Education v . LaFleur, 94 S.Ct. 791 (1974); Davis v. Meeks, 344 F.Supp. 298 (N.D. Ohio 1972); Holt v. Shelton, 371 F.Supp. 821 (M.D. Tenn. 1972); Board minutes, 3-7-17. Rapides Parish School Board

## GRIEVANCE PROCEDURES

An aggrieved party is student, parent or concerned citizen with grievance to be filed with principal concerning unlawful practices at school site. Proceedings may terminate at any step upon mutual agreement or upon aggrieved party's satisfaction.

**INFORMAL**

Oral notification to principal
Oral hearing with principal (5 days)
Disposition of grievance (5 days)

**FORMAL**

| | |
|---|---|
| With grievance filed with principal | Disposition by Superintendent (5 days) |
| Hearing scheduled by principal (5 days) | Filing appeal to the Board by the Superintendent (5 days) |
| Disposition by principal (5 days) | Hearing scheduled by the Board (15 days) |
| Appeal to the Superintendent (5 days) | Disposition by the Board in Executive Session (5 days) |
| Copy to Board President | Appeal to Courts and/or Civil Rights Office |
| Hearing scheduled by Superintendent (15 days) | |