# EXHIBIT 1-C

*Rapides Parish School Board
Employee Conduct Policy*

FILE:  GBRA
Cf:  GBN, JG

# EMPLOYEE CONDUCT

The Rapides Parish School Board believes the teaching profession occupies a position of public trust involving not only the individual teacher's personal conduct, but also the interaction of the school and the community.  Education is most effective when these many relationships operate in a friendly, cooperative, and constructive manner.  A teacher's conduct, as well as the conduct of all employees throughout the school district, should meet acceptable standards of the community and show respect for the law and the rights of others.

All employees, volunteers, student teachers, interns, and any other person affiliated with the Rapides Parish School Board have the responsibility to be familiar with and abide by the laws of the state, the policies and decisions of the School Board, and the administrative regulations and procedures designed to implement School Board policies.  Employees and others shall also comply with the standards of conduct set out in this policy and with any other policies, regulations, procedures, or guidelines that impose duties, requirements, or standards of conduct attendant to their status as School Board employees.  The Rapides Parish School Board acknowledges the First Amendment rights of its employees to speak publicly on matters of public concern.

Employees and all others shall be expected to observe at least the following standards of conduct:

- Be courteous to students, one another, and the public and conduct themselves in a professional and ethical manner.

- Recognize and respect the rights and property of students, other employees, and the public.

- Maintain confidentiality of all matters relating to students and other employees.

- Demonstrate dependable attendance and punctuality with regard to assigned activities and work schedules.

- Observe and adhere to all terms of an employee's contract or job description.

- Strive to keep current and knowledgeable about the employee's area of responsibility.

- Refrain from promoting personal attitudes and opinions for matters other than general discussion.

- Classroom instruction by school personnel or third parties on sexual orientation or gender identity may not occur in pre-kindergarten through grade 12 or in a manner that is not age-appropriate or developmentally appropriate for students in accordance with state standards.

- Refrain from using undue influence to gain, or attempt to gain, promotion, leave, favorable assignments, or other individual benefit or advantage.

- Advocate positive personal behavior on or off campus and attempt to avoid improprieties or the appearance of improprieties.

While the operation of the School Board and its schools is governed by the provisions of this and all other School Board policies, regulations, and procedures, as well as procedures of the individual schools, no policy manual can list each and every instance of misconduct that is precluded.  Accordingly, employees are cautioned that the appropriateness of certain action or behavior must necessarily be dictated by the nature of the position held by the employee and standards of common sense.  By virtue of one's education and experience, an employee knows and understands that certain actions or conducts are unacceptable even in the absence of formal School Board policy.  For instance, without the need of a specific prohibition or warning, a classroom teacher should be aware of the impropriety of certain practices such as leaving students unattended, using profanity or sexually suggestive language, or bringing a firearm onto campus.  Such conduct constitutes both incompetence and willful neglect of duty.  Such conduct, as well as violation of any state or federal law or School Board policies, regulations, or procedures, or school regulations or procedures, shall result in the imposition of discipline up to and including termination.

PROHIBITED SEXUAL CONDUCT

Regardless of the age of the employee or the age of the student, employees are prohibited from engaging in any form of sexual conduct with students.  Students are persons defined in the glossary of the *Policy Handbook* and the *Student Code of Conduct*.  Additionally, it is a violation of criminal statutes for board employees to engage in sexual or any other types of inappropriate behavior with children or students under the age of seventeen (17), and further a criminal violation for any educator as defined in La. Rev. Stat. Ann. §14:81.4 to engage in sexual conduct with a student who is seventeen (17) years of age or older, but less than twenty-one (21) years of age, where there is an age difference of greater than four (4) years between the two persons.

Notwithstanding any claim of privileged communication, any educator, having cause to believe that prohibited sexual conduct has occurred between another educator and a student, shall be required by state law to immediately report such conduct to a local or state law enforcement agency.

NOTIFICATION BY EMPLOYEES

A teacher or any other School Board employee shall report any final conviction or plea of guilty or *nolo contendere* to any criminal offense, excluding traffic offenses, to the School Board within forty-eight (48) hours of conviction or plea.

Arrests for Certain Sexual Offenses

Effective January 1, 2012, any public school employee shall be required to report his/her arrest for a violation of La. Rev. Stat. Ann. §§14:42-14:43.5, 14:80-14:81.5, any other sexual offense affecting minors, any of the crimes listed in La. Rev. Stat. Ann. §15:587.1, or any justified complaint of child abuse or neglect on file with the Louisiana Department of Children and Family Services.

The report shall be submitted to the Superintendent or his/her designee within twenty-four (24) hours of the arrest.  However, if the employee is arrested on a Saturday, Sunday, or a legally declared school holiday such report shall be made prior to the employee next returning for his/her work assignment at a school.  Such report shall be made by the employee or an agent of the employee regardless of whether he/she was performing an official duty or responsibility as an employee at the time of the offense.  In addition, the employee shall report the disposition of any legal proceedings related to any such arrest, which shall also be made a part of any related files or records.

Any employee who fails to comply with these provisions shall be suspended with or without pay by the School Board if such employee is serving a probationary term of employment or if the provisions of law relative to probation and tenure are not applicable to the employee.

Any employee employed by the School Board who is a tenured employee of the School Board shall be subject to removal under applicable state laws for failure to comply with these provisions.  Written and signed charges alleging such failure shall be brought against the employee.

Unless criminal charges are instituted pursuant to an arrest which is required to be reported as provided above, all information, records, hearing materials, and final recommendations of the school pertaining to such reported arrest shall remain confidential and shall not be subject to a public records request.

*School employee*, as used in this policy, shall mean any employee of the School Board, including teachers, substitute teachers, bus operators, substitute bus operators, or janitor, and shall include all temporary, part-time, and permanent school employees.

| | |
|---|---|
| New Policy:  September, 2006 | Revised:  September, 2009 |
| Revised:  November, 2007 | Revised:  November, 2011 |
| Approved:  March 4, 2008 | Revised:  June 7, 2016 |
| Revised:  September, 2008 | Revised:  July 5, 2022 |

Ref:   41 USC 8103 (*Drug-Free Workplace Requirements for Federal Grant Recipients*)
   La. Rev. Stat. Ann. §§14:42, 14:42.1, 14:43, 14:43.1, 14:43.2, 14:43.3, 14:43.5, 14:80, 14:80.1, 14:81, 14:81.1, 14:81.1.1, 14:81.2, 14:81.3, 14:81.4, 14:81.5, 17:15, 17:16, 17:81
   Sylvester v. Cancienne, 95-0789 (La. App. 1st Cir. 11/9/95), 664 So.2d 1259
   Howard v. West Baton Rouge Parish School Board, 2000-3234 (La. 6/29/01), 793 So.2d 153
   Spurlock v. East Feliciana Parish School Board, 03-1879 (La. App. 1st Cir. 6/25/04), 885 So.2d 1225
   Board minutes, 3-4-08, 10-6-09, 1-3-12, 6-7-16, 7-5-22

Rapides Parish School Board